Filed 9/29/21  P. v. Perucci CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ANTHONY ROBERT PERUCCI, Defendant and Appellant. | B309174 (Los Angeles County Super. Ct. No. BA109422) |

APPEAL from an order of the Superior Court of Los Angeles County, Olivia Rosales, Judge. Affirmed.

Maggie Shrout, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Anthony Robert Perucci challenges the trial court's denial of his petition under Penal Code[1] section 1170.95 for resentencing on his murder conviction. He argues that the trial court erred by finding that he was a major participant who acted with reckless indifference to human life in the robbery that was the basis of his felony-murder conviction. We affirm, but need not decide whether the court's analysis was correct because the jury's finding of a felony-murder special circumstance (§ 190.2, subd. (a)(17)) makes Perucci ineligible for relief under section 1170.95 as a matter of law.

## FACTUAL AND PROCEDURAL SUMMARY

In 1996, Perucci took part in a robbery in which his codefendant Eddie Leiva shot and killed Sheila McMackin. A jury convicted him of one count of first degree murder (§ 187, subd. (a)), one count of robbery (§ 211), and one count of attempted robbery (§§ 211, 664). On the murder count, the jury found true a felony-murder special circumstance allegation (§ 190.2, subd. (a)(17)). This finding required the jury to conclude, at a minimum, that Perucci acted "with reckless indifference to human life and as a major participant" in the underlying robbery. (§ 190.2, subd. (d).) The jury also found that a principal was armed with a firearm in the commission of the offenses (§ 12022, subd. (a)(1)), but rejected allegations that Perucci personally used a handgun in the commission of the crimes. The trial court sentenced Perucci to life in prison without the possibility of parole for murder. We affirmed the

---

[1] Subsequent statutory references are to the Penal Code.

convictions on appeal.  (*People v. Perucci et al.* (Feb. 15, 2000, B127583) [nonpub. opn.] (*Perucci et al.*).)

In our prior opinion in Perucci's direct appeal, we described the facts of the case:  On August 21, 1996, Leiva's friend Laura Luna overheard Leiva and Perucci discussing a robbery, which they referred to as a " 'jacking.' "  Leiva borrowed a gun from Luna, telling her that "using a gun makes a 'jacking' easier." (*Perucci et al., supra*, B127583, at p. 2.)  Perucci was armed with a lead pipe that he claimed he found while walking to the restaurant where the robbery occurred.  Outside the restaurant, Leiva and Perucci encountered Charles and Sheila McMackin.  Sheila McMackin was sitting in the passenger seat of the couple's car when Leiva approached her.  He put his head and shoulders through the window and began struggling with her.

At this point, Perucci approached Charles McMackin, who was approximately 12 feet away from the car.  "He pointed an object Mr. McMackin believed to be a gun at Mr. McMackin's face. . . . Perucci demanded that Charles McMackin give [him] his money, threatening to kill him if he did not do so.  Mr. McMackin emptied his pocket of several dollars in change, which fell to the ground, and surrendered his wallet." (*Perucci et al., supra*, B127583, at p. 3.)

As Perucci stooped to pick up the change, "Mr. McMackin heard his wife say, 'No,' then saw a muzzle flash. . . .  [¶]  When Charles McMackin reached the car, Sheila McMackin said, 'He shot me.'  Her purse was still in the car, the strap wrapped around her arm." (*Perucci et al., supra*, B127583, at p. 3.)  Perucci and Leiva fled as soon as the shot was fired.  Sheila McMackin died of the gunshot wound.  Leiva later told Luna

that the gun discharged accidentally while he was trying to rob Sheila McMackin.

• • •

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), which abolished the natural and probable consequences doctrine in cases of murder, and limited the application of the felony-murder doctrine. (See *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) Under the new law, a conviction for felony murder requires proof that the defendant was either the actual killer, acted with the intent to kill, or "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(3).) The legislation also enacted section 1170.95, which established a procedure for vacating murder convictions for defendants who could no longer be convicted of murder because of the changes in the law and resentencing those who were so convicted. (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)

Perucci filed a petition for a writ of habeas corpus January 10, 2019, in which he alleged that his conviction was illegal under Senate Bill No. 1437 and requested resentencing under section 1170.95. The trial court treated the petition as a petition for resentencing under section 1170.95[2] and appointed counsel to represent Perucci. The court found that Perucci had made a prima facie case for resentencing, and issued an order to show cause why the petition should not be granted. (§ 1170.95, subd. (c).) After a hearing on the order to show cause, the trial court denied the petition, finding that Perucci was a major

---

[2] Perucci also treats his habeas petition as a petition under section 1170.95, so we will do the same.

participant in the robbery and acted with reckless indifference to human life, and was therefore ineligible for resentencing.

## DISCUSSION

Perucci contends that the trial court erred by denying his petition. He contends that he was not a major participant who acted with reckless indifference to human life as those terms are understood under the Supreme Court's case law in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), arguing that the robbery was no more than "a garden-variety armed robbery, where death might be possible but not probable." (*Banks*, *supra*, 61 Cal.4th at p. 802.) We need not and do not review the correctness of the trial court's analysis because Perucci is ineligible for relief under section 1170.95 as a matter of law.

To be eligible for resentencing, Perucci must show that he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective" in Senate Bill No. 1437. (§ 1170.95, subd. (a)(3).) Senate Bill No. 1437 amended section 189 to require, in all felony-murder cases, proof that the defendant was the actual killer, acted with the intent to kill, or "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(3); see *Gentile*, *supra*, 10 Cal.5th at pp. 842–843.) These requirements are identical to those for the felony-murder special circumstance that the jury found true in Perucci's case. (See § 190.2, subds. (b)−(d); *People v. Allison* (2020) 55 Cal.App.5th 449, 457 (*Allison*).) The special circumstance finding thus establishes as a matter of law that Perucci could still be convicted of murder despite the amendments in Senate Bill No. 1437, and that he is ineligible for resentencing.

5

Perucci disagrees with this conclusion.  He argues that the jury's special circumstance finding does not preclude him from relief under section 1170.95 because, in the years following his conviction, the Supreme Court clarified the definition of major participation and reckless indifference to human life in *Banks* and *Clark*.  Because no court has considered whether he was a major participant who acted with reckless indifference under the *Banks*/*Clark* standard, he contends that the jury's special circumstance finding does not alone render him ineligible for resentencing.

We have considered this argument in three separate published opinions, and on each occasion, we have held that a defendant with a pre-*Banks*/*Clark* felony-murder special circumstance finding is ineligible for resentencing under section 1170.95.  (See *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted Oct. 14, 2020, S264284 (*Galvan*), *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S264978 & *Allison*, *supra*, 55 Cal.App.5th 449.)[3]  We stand by

---

[3] Many other cases have addressed this issue and have reached diverging conclusions.  Several Court of Appeal opinions have agreed with our position, including:  *People v. Nunez* (2020) 57 Cal.App.5th 78, review granted January 13, 2021, S265918; *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted October 14, 2020, S264033; *People v. Jones* (2020) 56 Cal.App.5th 474, review granted January 27, 2021, S265854; and *People v. Simmons* (2021) 65 Cal.App.5th 739, review granted Sep. 1, 2021, S270048.  Other opinions have disagreed, including *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011; *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v.*

our reasoning in those opinions, and we see no need to repeat the same arguments here.

Our decision does not leave Perucci without any means of challenging the validity of the special circumstance finding, however. As we noted in *Galvan*, a defendant with a pre-*Banks*/*Clark* special circumstance finding may challenge the sufficiency of the evidence for the special circumstance by means of a habeas corpus petition. (*Galvan*, *supra*, 52 Cal.App.5th at p. 1141, review granted; *In re Scoggins* (2020) 9 Cal.5th 667, 673−674.)

*York* (2020) 54 Cal.App.5th 250, review granted November 18, 2020, S264954; *People v. Harris* (2021) 60 Cal.App.5th 939, review granted April 28, 2021, S267802; *People v. Secrease* (2021) 63 Cal.App.5th 231, review granted June 30, 2021, S268862; *People v. Gonzalez* (2021) 65 Cal.App.5th 420, review granted August 18, 2021, S269792; *People v. Pineda* (2021) 66 Cal.App.5th 792; and *People v. Arias* (2021) 66 Cal.App.5th 987.

## DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


CRANDALL, J.*

---

**\*** Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.